■ In the Matter of the Claim of PLACIDO CARBONARO, Respondent, v. OZONE TRUCKING CO., INC., et al., Respondents, and SPECIAL DISABILITY FUND, Appellant. WORKMEN'S COMPENSATION BOARD, Respondent.— REYNOLDS, J.

Reynolds, Staley, Jr., and Gabrielli, JJ., concur in a memorandum by Reynolds, J.; Herlihy, J. P., concurs in a separate memorandum; and Aulisi, J., dissents and votes to remit in a memorandum. HERLIHY, J. P. (concurring). *Matter of La Count* v. *Kaufman* (23 A D 2d 614) does not appear to go so far as to mandate precise medical knowledge. *Matter of Weinberger* v. *Zeibert & Sons* (2 A D 2d 908) decided that an employer could not have had knowledge of permanency when there had not yet been any medical opinion of the same. In *Matter of Vance* v. *Ormsby* (6 A D 2d 960) it was held again that where permanency is not obvious, the employer could not have knowledge of permanency before the doctors could be aware of the same and in doing so, relied on *Weinberger* (*supra*). *Matter of La Count* (*supra*) followed *Weinberger* and quite clearly relies upon the obvious guesswork where the doctors had not yet found permanency. The present case has a finding of permanency about one year prior to the second accident. According to the employer, the claimant complained frequently of back pain and took a lot of time off from work because of his back. The employer observed him for some four years prior to the second accident and his conclusion is not unreasonable in the light of the work experience. AULISI, J. (dissenting). I am unable to agree with the majority. Claimant testified that his back bothered him after the first accident and that he had pain which lessened and eventually disappeared after about four years. He stated that he did the usual work of

a trailer truck driver for employer and received no special consideration. Claimant's brother, president of the employer, testified that claimant always complained about his back, took time off because of it and was given "the lightest work * * * possible". He knew of claimant's prior injury but did not know if he went to a doctor for treatment. Concerning his opinion as to the permanency of claimant's back condition he testified as follows: "A. Honestly, I didn't think it was going to get better. That's my opinion. I'm not a doctor, but back injuries are that way. "Q. And just when did you come to this conclusion? A. It was while he was working with me. "Q. Well, was it before or after the injury of April 8, 1956? [sic] A. As I says, a back injury, I don't believe you ever cure. I'm not a doctor. "Q. No, my question to you, Mr. Carbonaro, is when did you form this opinion? Was it after this accident of April 8th? A. I formed it before that." Appellant argues that the finding that claimant had a previous physical impairment, which was a hindrance to employment, and was continued in employment with knowledge thereof by the employer, is not supported by substantial evidence. I am constrained to agree. A review of the entire record fails to reveal substantial evidence to support the board's determination on the issue of knowledge and said determination does not meet the requisite tests fully set forth in *Matter of La Count* v. *Kaufman* (23 A D 2d 614). Resolving any question of credibility between claimant and his brother and accepting the brother's testimony as true, in my view, as a matter of law the record lacks substantial evidence. Although the first case was closed upon a medical finding of permanency, this report was rendered three years after claimant was hired by his brother. The record is devoid of any evidence that claimant's brother knew anything about this report or the opinion as to permanency. In fact, his brother did not even know if claimant was going to the doctor. There is nothing here to show that the employer made an "informed judgment" to retain claimant in employment. As was stated in *Matter of La Count* v. *Kaufman* (*supra*), the knowledge need not be to the point of medical certainty, but the employer must have a "reasonable basis" for the belief that a permanent physical disability exists. Complaints of pain or the statement that the employer expects any such injury to be permanent is insufficient. I vote for remittal at which time appellant will also have the opportunity to submit medical testimony.